UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JIMMY DEAN STEVENS,<br><br>Petitioner,<br><br>vs.<br><br>JOHN FAYRUM, Warden,<br><br>Respondent. | No. 14 cv 113 EJM<br><br>ORDER |

This matter is before the court on respondent's resisted motion to dismiss filed December 29, 2014. Granted. Dismissed.

This is a prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254. The court has jurisdiction pursuant to 28 USC §1331.

Petitioner was convicted of criminal transmission of HIV in violation of Iowa Code section 709C.1 and sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(c)(4). State v. Stevens, 719 N.W.2d 547 (Iowa 2006). He is presently confined in the Anamosa State Penitentiary. He claims two grounds for habeas corpus relief, first that the law under which his first conviction was obtained has since been repealed, and second that his viral load was undetectable at the time of the offense.

F.R.Civ.P. Rule 12(b)(6) provides that a court must dismiss an action if a petitioner has not stated a claim upon which relief may be granted. The rule is "not

1

inconsistent with any statutory provisions or [the habeas] rules, [and] may be applied to a proceeding under these rules." 28 U.S.C. §2254, Rule 12; see Smithrud v. City of St. Paul, 746 F.3d 391, 395 (8th Cir. 2014).

A habeas petitioner must "exhaust" his federal claims in the appropriate state forum, giving the state courts an opportunity to decide the merits of any constitutional issues raised, before he may bring those issues up on federal habeas corpus review. 28 U.S.C. §2254(b),(c); Kennedy v. Delo, 959 F.2d 112, 115 (8th Cir. 1992). Petitioner's two grounds were not exhausted and are procedurally defaulted. Wooten v. Norris, 578 F.3d 767, 777 (8th Cir. 2009).

Petitioner did not present Ground One or Two in state proceedings, and both are therefore unexhausted. Petitioner presented only one issue on direct appeal, and it was not the issue he asserts in his petition. Stevens, 719 N.W.2d at 548. He did not complete a post-conviction action in district court or on appeal. Because he must present each issue in one complete round of the state review process, Welch v. Lund, 616 F.3d 756, 759 (8th Cir. 2010), the issues that he presents in this § 2254 action are not exhausted. Petitioner's claims are not only unexhausted but are also procedurally defaulted. Iowa court rules will not allow Petitioner to bring those claims in a second post-conviction action. Iowa Code §§ 822.3 and .8; Wooten, 578 F.3d at 777.

The Petitioner's claims are also barred by the applicable statute of limitations. The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a one-year period of limitation for filing a habeas petition. 28 U.S.C. § 2244(d). "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by

a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This provision applies to all federal habeas petitions filed after the date of AEDPA's enactment, April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 322, 326-27 (1997).

The one-year limitations period begins to run on the latest of four triggering events. 28 U.S.C. § 2244(d)(1)(A)-(D). The only relevant triggering event in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This time period began running at the conclusion of Petitioner's direct review. *Id.* at § 2244(d)(1)(A).

The date the Iowa Supreme Court issued Procedendo on Petitioner's direct appeal action was August 31, 2006. When a petitioner on direct appeal does not file a petition for a writ of certiorari with the United States Supreme Court, the limitations period does not begin to run until the 90-day time period for filing a cert. petition expires. Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). A petition for writ of certiorari must be filed "within 90 days after entry of the judgment." United States Supreme Court Rule 13.1; 28 U.S.C. § 2101(c) & (d). Accordingly, the limitations period began 90 days after Procedendo issued on August 31, 2006, meaning the time started November 29, 2006.

A properly filed state post-conviction relief application tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). Therefore, the limitations period ran until Petitioner filed his post-conviction action on July 13, 2007. The un-tolled time that elapsed between his direct appeal and post-conviction is 226 days. The limitations period

3

was tolled while Petitioner's post-conviction action was pending. 28 U.S.C. § 2244(d)(2). Petitioner dismissed that district court action on May 6, 2013, but did not sign the petition in this federal habeas action until October 1, 2014. Standing alone, this un-tolled time period spanned 513 days, far beyond the one-year AEDPA limit. § 2244(d)(I). Together, the un-tolled limitations time that expired between entry of the judgment underlying Petitioner's confinement and Petitioner filing the habeas petition underlying this action is 739 days. See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (noting state post-conviction relief action pauses the statutory clock; it does not reset the clock to zero); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). Because more than 365 days of un-tolled time elapsed, the petition must be dismissed.

A certificate of appealability is denied.

It is therefore

ORDERED

Granted.  Dismissed.  Certificate of appealability denied.

March 23, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT